UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| CRAIG CUNNINGHAM, Plaintiff, v. Chris Patterson, Area Publications, Inc. Barbie Roberts, John/Jane Does 1-5 Defendant | § § § § § § § § § § | Civil Action No. 1:19-cv-00409 |
|---|---|---|

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. Area Publications, Inc., is a Texas corporation that can be served via registered agent Chris Patterson, 12034 Research Blvd., suite 2, Austin, Tx 78759.

3. Chris Patterson is a natural person and listed president/director of Area Publications and can be served at 12034 Research Blvd., suite 2, Austin, Tx 78759 or 21919 Telegraph Road Brownstownship, MI 48183 or 123 N. 3rd Street, ste 888, Minneapolis, MN 44401

4. Barbie Roberts is a natural person and can be served at 12034 Research Blvd., suite 2, Austin, Tx 78759.

5. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

10. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

15. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16. The TCPA provides a private cause of action to persons who receive calls in

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a

solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**The Texas Business and Commerce Code 305.053**

24. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

25. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## FACTUAL ALLEGATIONS

26. The Defendants in this case have been running a scam magazine operation for years earning themselves a F rating from the BBB and an alert regarding a pattern of complaints regarding consumers being unable to cancel as promised, false promises, and exaggerated claims regarding the magazines promised.

    https://www.bbb.org/us/mn/saint-paul/profile/magazine-sales/area-publications-inc-0704-96375736

### Chris Patterson and Area Publication's calls to the Plaintiff

27. Mr. Cunningham received multiple calls from a variety of spoofed or non-existent caller ID's that contained a pre-recorded message and were initiated using an automated telephone dialing system. The calls were on behalf of Chris Patterson and Area Publication. The calls had a delay of 3-4 seconds of dead air before connecting to an agent and the Plaintiff heard an audible tone, indicating the calls were initiated using an ATDS. The Plaintiff received calls directly from the corporations owned by Chris Patterson and on behalf of these corporations by 3rd party telemarketers for both direct and vicarious liability in this case.

28. In the past 4 years, the Plaintiff received multiple calls from multiple spoofed and non-working caller ID's all designed to trick consumers into picking up the phone by using false, misleading, and fraudulent caller ID's. These calls were not related to an

emergency purpose or and were not with the Plaintiff's consent. Below are some of the calls placed, but are not an exhaustive list.

| CID | Date | Calls to 615-331-7262 |
|---|---|---|
| Unknown | 12/01/2015 | |
| 325-200-0738 | 02/17/2016 | |
| 325-200-0738 | 02/22/2016 | |

29. The defendants were soliciting the Plaintiff to purchase a magazine subscription and the calls were placed without the defendants maintaining an internal, written do-not-call policy.

30. Christopher Patterson and Barbie Roberts knew full well that overseas telemarketers were placing calls on their behalf to consumers across the country pitching magazine sales by Area Publications, Inc which was initiated using an automated telephone dialing system.

31. Barbie Roberts is a manager of Area Publications, Inc., and directed the telemarketing calls at issue.

32. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

33. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from Jeff Lakes and his related entities consumed part of this capacity.

34. The calls were unwanted and unsolicited by the Plaintiff.

35. No emergency necessitated the calls

36. Each call was sent by an Automated Telephone Dialing System (ATDS).

**Chris Patterson, Barbie Roberts and Area Publication's Knowing and Willful**

## Violations of Telemarketing Regulations

37. Mr. Cunningham asked for an internal do-not-call policy and the defendants indicated they did not have a written internal do-not-call policy to send the Plaintiff.

38. Chris Patterson, Barbie Roberts and Area Publications knowingly violated the TCPA by initiating automated calls to the Plaintiff.

39. Chris Patterson, Barbie Roberts and Area Publications never sent Mr. Cunningham any do-not-call policy.

40. On information and belief, Chris Patterson, Barbie Roberts and Area Publications and did not have a written do-not-call policy while it was sending Mr. Cunningham the unsolicited calls.

41. On information and belief, Chris Patterson, Barbie Roberts and Area Publications did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

42. Chris Patterson, Barbie Roberts and Area Publications calls did not provide Mr. Cunningham with the name of the individual caller or the name of the person or entity on whose behalf the call was being made.

## Chris Patterson and Barbie Roberts Control over Area Publications Including its Illegal Robocalling and Telemarketing

43. At all times relevant to the claims alleged herein, Chris Patterson was the sole corporate officer and executive in charge of Area Publications. Barbie Roberts is the sole manager of the corporation Each and every call was placed on behalf of the corporate entites owned by Chris Patterson and managed by Barbie Roberts.

44. Chris Patterson is the, incorporator, registered agent and corporate officer of Area Publications

45. Chris Patterson and Barbie Roberts were aware that Area Publications, was sending automated, telemarketing calls en masse to people, including Plaintiff, and had recieved previous complaints about these types of calls

46. As Area Publications senior-most executive, Chris Patterson had the power to stop these spam campaigns.

47. As Area Publications , senior-most executive, Chris Patterson had the power to fire the managers and employees taking part of the day-to-day operations of these illegal robocalling operations. Despite being sued by the Plaintiff for illegal telemarketing, Chris Patterson and Barbie Roberts continued to use the services of the exact same telemarketers, which resulted in the Plaintiff being called additional times on his behalf and at his direction.

48. Instead, Chris Patterson allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge of frequent do-not-call complaints from recipients of these messages, including the Plaintiff.

**The Plaintiff's cell phone is a residential number**

49. The text messages were to the Plaintiff's cellular phone 615-331-7262, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and

receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

50. The actions of the defendants violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

51. The calls by the defendants violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

### I. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3.  Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4.  Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5.  Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6.  Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.  The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a.  a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

  b.  training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

  c.  in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

## III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code**

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

**305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

14. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c).**

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.	An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for each and every call.

E.	An award of $1,500 in statutory damages per call arising from violations of the Texas Business and Commerce code 305.053

F.	An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

G.	An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

H.	Such further relief as the Court deems necessary, just, and proper.

Respectfully Submitted,

_____

Leland Garrett McRae

Attorney for Plaintiff

8111 Mainland, Ste. 104-459

San Antonio, TX 78240

Phone: (210) 569-0434

Fax: (210) 520-0229

Email: lgmlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2019, a true and correct copy of the foregoing pleading was forwarded by (first class mail, hand-delivery, or certified mail) to Chris Patterson (defendant) at the address of 12034 Research Blvd., suite 2, Austin, TX 78759 and Area Publications Inc. (defendant) at the address of 12034 Research Blvd., suite 2, Austin, TX 78759 and Barbie Roberts (defendant) at address 12034 Research Blvd., suite 2, Austin, TX 78759.

*[signature]* 4-11-19

Leland Garrett McRae

Attorney for Plaintiff

8111 Mainland, Ste. 104-459

San Antonio, TX 78240

Phone: (210) 569-0434

Fax: (210) 520-0229

Email: lgmlaw@gmail.com